# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CASE NO.:** |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **$75,020.00 IN UNITED STATES FUNDS,** : | |
| Defendant Property. : | |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

### *Nature of the Action*

1. This is a civil action *in rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: seventy-five thousand, twenty dollars ($75,020.00) in United States funds, (hereinafter referred to as the "Defendant Property").

### *The Defendant in Rem*

2. The Defendant Property consists of a total of seventy-five thousand, twenty dollars ($75,020.00) in United States funds, and was seized from a mail parcel with tracking number 9534613671543195961699, at a United States Postal Office, located at 3916 Milgen Road, Columbus, Georgia, on or about July 14, 2023. The Defendant Property is presently in the custody of the United States Marshals Service, having been deposited into the Seized Asset Deposit Fund Account.

### *Jurisdiction and Venue*

3. Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has in rem jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this District, and 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this District. Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this District, and 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1395, because the

Defendant Property was seized in Muscogee County, Georgia, which is a place within the Middle District of Georgia.

6. Under 18 U.S.C. § 983(a)(1)(A)(i), the United States Department of Justice, Federal Bureau of Investigation ("FBI") was required to send written notices of this seizure to interested parties by September 12, 2023, being sixty (60) days from the date of the seizure.

7. Pursuant to 18 U.S.C. § 983(a)(1)(B), the FBI extended the period for sending notices for thirty (30) days, citing one or more of the conditions set forth under 18 U.S.C. § 983(a)(1)(D). Thus, the time for sending notices of the seizure of the subject property was extended to October 12, 2023.

8. Because sending administrative notice would seriously jeopardize the investigation in this case, the United States sought six (6) court orders pursuant to 18 U.S.C. § 983(a)(1)(C) granting simultaneous sixty (60) day extensions of the time period in which the FBI must send notices, up to and including October 8, 2024.

9. The FBI inadvertently missed sending administrative notice by October 8, 2024, and referred the matter to the United States Attorney for the Middle District of Georgia for the filing of a judicial forfeiture.

10. Under 18 U.S.C. § 983(a)(1)(F), if the Government does not send notice of a seizure of property in accordance with 18 U.S.C. § 983(a)(1)(A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government is

not required to return contraband or other property that the person from whom the property was seized may not legally possess. 18 U.S.C. § 983(a)(1)(F).[1]

### *Basis For Forfeiture*

11.     The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

### *Factual Allegations*

12.     Since approximately January 2021, FBI-Columbus has been investigating the Columbus based Zohannon street gang. Specifically, the investigation is focused on Zohannon gang members who are, have, or will engage in violations of the federal Racketeer Influenced and Corrupt Organizations (RICO) act.

13.     To date, the investigation has yielded evidence that the Zohannon gang and their associates have been and currently are being supplied narcotics out of the Sacramento, California area specifically from Yuana Gutierrez ("Gutierrez") and her money laundering drug trafficking organization.

14.     On July 14, 2023, FBI agents conducting physical surveillance observed Gutierrez meet with a known narcotics trafficker in Columbus, Georgia. After meeting

---

[1] *See United States v. $114,031 in U.S. Currency*, No. 06-21820-CIV, 2007 WL 2904154, *3 (S.D. Fla. Oct. 4, 2007) (Section 983(a)(1)(F) does not require government to return the property before it files a civil forfeiture complaint, and even if it did, it would not require government to return drug proceeds because such proceeds are "contraband"); *aff'd*, 284 F. App'x. 754 (11th Cir. 2008).

with the narcotics trafficker, Gutierrez was observed returning to her hotel carrying a large bag believed to contain United States currency. Physical surveillance then observed Gutierrez exiting the hotel carrying a large box and placing it inside her vehicle. Shortly thereafter, an unidentified female entered the passenger seat of Gutierrez's vehicle, and the two of them departed the hotel together. Physical surveillance units followed Gutierrez and the unidentified female to the United States Post Office located at 3916 Milgen Road, Columbus, Georgia. The unidentified female exited the vehicle and subsequently attempted to mail the parcel (hereafter referred to as the "Subject Parcel") from inside the Post Office.

15. At this point FBI Agents notified United States Postal Inspection Service ("USPIS") Special Agent Nick Ross and reported the Subject Parcel. USPIS SA Ross researched the sender's address displayed on the Subject Parcel through law enforcement databases and determined the sender's address was a legitimate address; however, the sender's name "Lisa Jones" was not found to be associated to the sender's address. Further, SA Ross concluded "Lisa Jones" was a false name used by the unidentified female. SA Ross then researched the recipient's address displayed on the Subject Parcel through law enforcement databases and found the name "Martin Johnson" (listed recipient) was not associated with the recipient address and was also believed to be a fictitious name.

16. Accordingly, SA Ross requested the assistance of the Muscogee County Sheriff's Office's ("MCSO") narcotics trained detection canine. On July 14, 2023, the MCSO's narcotics trained canine conducted an open-air sniff of the Subject Parcel which

was placed in a package lineup along with three (3) inert packages. The canine conducted an area search of the packages in the lineup and alerted to the Subject Parcel but to none of the inert packages in the lineup. According to the MCSO canine's investigator handler, the canine's alert indicated that the Subject Parcel contained a controlled substance or residue of a controlled substance.

17. On July 14, 2023, the FBI obtained a federal Search Warrant for the Subject Parcel, which resulted in the seizure of seventy-five thousand, twenty dollars ($75,020.00) in United States currency hidden inside a Bluetooth speaker (Defendant Property).

### *Conclusion*

18. Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, constitutes proceeds traceable to such an exchange, and/or constitutes money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such

other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted, this 6th day of January, 2025.

                PETER D. LEARY
                UNITED STATES ATTORNEY

BY:   */s/ Michael P. Morrill*
       MICHAEL PATRICK MORRILL
       Assistant United States Attorney
       Georgia Bar Number: 545410
       United States Attorney's Office
       Middle District of Georgia
       Post Office Box 1702
       Macon, Georgia 31202-1702
       Telephone: (478) 752-3511
       Facsimile: (478) 621-2655
       E-mail: Michael.Morrill@usdoj.gov